824 A.2d 154

IN THE MATTER OF RICHARD W. RAINES,
AN ATTORNEY AT LAW.

June 5, 2003.

### ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 02–385, concluding that **RICHARD W. RAINES** of **NEWARK,** who was admitted to the bar of this State in 1977, and who has been temporarily suspended from practice since September 9, 2002, should be suspended from the practice of law for a period of three months for violating *RPC* 1.3(lack of diligence), *RPC* 1.4(a) (failure to communicate with client), *RPC* 5.5(unauthorized practice of law) and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that prior to reinstatement, respondent should be required to submit proof of his mental fitness to practice law and to comply with all prior Court Orders requiring him to submit to the Office of Attorney Ethics outstanding proctor reports and periodic drug and alcohol screening reports;

And good cause appearing;

It is ORDERED that **RICHARD W. RAINES** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice respondent shall provide proof of his fitness to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics and shall comply with the conditions of previous Orders of the Court filed on September 9, 2002, July 3, 2002, December 8, 2002, February 1, 1999 and November 5, 1997, requiring respondent to submit outstanding proctor reports and periodic drug and alcohol screening reports; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.